**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THONG HOANG,<br><br>   Petitioner,<br><br> v.<br><br><br>ERIC HOLDER, Attorney General,<br>et al.,<br><br>   Respondents. | Case No. 1:13-cv-01375-AWI-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITIONER'S FIRST THREE CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION, TO DISMISS PETITIONER'S FOURTH CLAIM WITHOUT LEAVE TO AMEND, AND TO REFER THE MATTER BACK TO THE MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS ON THE REMAINING CLAIMS  (DOC. 1)<br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

  Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the petition, which was filed on August 26, 2013.

  I. <u>Screening the Petition</u>

  The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are applied to 28 U.S.C. § 2241

1

proceedings.  Habeas Rule 1(b).  Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  A petition for habeas corpus, however, should not be dismissed without leave to amend unless it appears that no tenable

2

claim for relief can be pleaded were such leave granted.  <u>Jarvis v.</u>
<u>Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

Petitioner alleges he is an inmate of the Taft Correctional
Institution (TCI) serving a sentence for narcotics trafficking with
a probable release date of July 1, 2016.  (Pet., doc. 1, 2.)
Although Petitioner does not allege he is an alien, he alleges his
crime has subjected him to imminent deportation.  (<u>Id.</u>)  Petitioner
alleges he requested that the Bureau of Prisons (BOP) commence his
deportation proceedings and complete the administrative process
pursuant to 8 U.S.C. § 1228(a)(3)(A); however, the BOP failed to
conduct deportation proceedings in a timely manner.  Petitioner
seeks an order directing the BOP to commence deportation
proceedings, including a hearing, and to complete the administrative
process within the time prescribed by statute before his release
date.  (<u>Id.</u> at 6.)

Petitioner has included a memorandum from the TCI warden dated
August 1, 2013.  In response to Petitioner's request for enforcement
of 8 U.S.C. § 1228(a)(3), the warden states that Petitioner, against
whom an Immigrations and Customs Enforcement (ICE) detainer has been
lodged, is subject to a provision in § 1228(a)(3)(B) which should
not be construed as requiring the Attorney General to effect the
removal of any alien sentenced to actual incarceration before
release from the penitentiary or correctional institution where the
alien is confined.  (Doc. 1, 8.)  The warden further noted that

3

Petitioner's case was being monitored for his ultimate assignment to an institution at which immigration hearings are conducted, although no bed space was then available.  (Id. at 9.)

Petitioner also alleges that only employees of the BOP or Federal Prison Industries, Inc., have authority to enforce federal law, including responding to Petitioner's request for the initiation and completion of deportation proceedings.  (Id. at 10.)  Petitioner alleges that Taft prison staff, including the warden, are employees of a private management corporation and thus lack legal authority to determine his placement; he contends a determination of his placement made by employees of a private corporation violated his right to due process of law.  (Id.)

II.  Absence of Subject Matter Jurisdiction pursuant to 28 U.S.C. § 2241

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition.  Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A federal court may not entertain an action over which it has no jurisdiction.  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).

A.  Custody

Habeas corpus relief extends to a person in custody under the authority of the United States if the petitioner can show he is "in

4

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990) (holding in a Bivens[1] action that a claim that time spent serving a state sentence should have been credited against a federal sentence concerned the fact or duration of confinement and should have been construed as a petition for writ of habeas corpus pursuant to § 2241, but a claim seeking damages for civil rights violations should be construed as a Bivens action); Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir. 1979) (upholding dismissal of a petition challenging conditions of confinement and noting that the writ of habeas corpus has traditionally been limited to attacks upon the legality or duration of confinement); see, Greenhill v. Lappin, 376 Fed. Appx. 757, 757-58 (9th Cir. 2010) (unpublished) (appropriate remedy for a federal prisoner's claim that relates to the conditions of his confinement is a civil rights action under Bivens; but see, Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (habeas corpus available pursuant to § 2241 for claims concerning denial of good time credits and increased restrictions of liberty, such as disciplinary segregation, without due process of law); Cardenas v. Adler, 2010 WL 2180378 (No.1:09-cv-00831-AWI-JLT-HC, May 28, 2010) (petitioner's challenge to the constitutionality of the sanction of disciplinary segregation and his claim that the disciplinary proceedings were the product of retaliation by prison staff were

---

[1] The reference is to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

cognizable in a habeas proceeding pursuant to § 2241).

In this district, claims concerning various prison conditions brought pursuant to § 2241 have been dismissed for lack of subject matter jurisdiction with indications that an action pursuant to Bivens is appropriate.  See, e.g., Dyson v. Rios, 2010 WL 3516358, *3 (E.D.Cal. Sept. 2, 2010) (claim challenging placement in a special management housing unit in connection with a disciplinary violation); Burnette v. Smith, 2009 WL 667199 at *1 (E.D.Cal. Mar. 13, 2009) (petition seeking a transfer and prevention of retaliation by prison staff); Evans v. U.S. Penitentiary, 2007 WL 4212339 at *1 (E.D.Cal. Nov. 27, 2007) (claims brought pursuant to § 2241 regarding a transfer and inadequate medical care).

Petitioner asserts a statutory right pursuant to 8 U.S.C. § 1228(a)(3)(A) to have removal proceedings initiated, which he alleges was violated by Respondent's failure to designate Petitioner to be placed in an IHP hearing site, a designation that would permit the initiation of Petitioner's removal proceedings before his federal sentence expires.  Petitioner contends that the failure to initiate removal proceedings will result in an increase in his federal sentence because his removal proceedings will not be completed before his sentence expires, and he will spend more time in custody than the statutory scheme governing immigration contemplates.

However, the length of Petitioner's present federal sentence will not be affected by the initiation of removal proceedings or the failure to initiate them; rather, it is the legality or duration of his future confinement pursuant to the authority of the ICE, which will commence after he completes his present sentence, that will be

6

affected.  Petitioner, who has an ICE detainer pending against him, is not yet in the custody of the ICE for habeas corpus purposes because a bare detainer letter alone is insufficient to place an alien in ICE custody for the purpose of habeas corpus.  Campos v. INS, 62 F.3d 311, 314 (9th Cir. 1995).

In sum, Petitioner is seeking to litigate the legality or duration not of his present confinement, but rather of possible or potential future confinement by the ICE.  He is not in custody with respect to the ICE detainer, and thus he cannot show his present custody is unlawful.

Because of an absence of custody with respect to the immigration process, the Court lacks subject matter jurisdiction, and the petition should be dismissed.

B. Discretion of the BOP

The Court must determine whether it has jurisdiction to consider whether Petitioner's present conditions of confinement are contrary to federal law.  See, e.g., Rodriguez v. Smith, 541 F.3d 1180, 1187 (9th Cir. 2008) (in habeas proceeding brought pursuant to § 2241, regulations concerning the BOP's discretionary placement decisions were invalid because they conflicted with the intent of Congress that underlies 18 U.S.C. § 3621(b).)

Petitioner argues that the BOP's failure to initiate and complete deportation proceedings will result in his detention for at least an additional ninety days after the completion of his federal sentence, and that such a result contravenes both the letter and spirit of 8 U.S.C. § 1228(a)(3)(A), which concerns the Attorney General's duty to provide removal proceedings for federal prisoners. Petitioner argues he is entitled to enforcement of the Attorney

7

General's duty to provide for expedited removal proceedings before his release from service of his federal sentence.  Petitioner further challenges Program Statement 5111.04, the authority pursuant to which the BOP informed Petitioner that it "designates non-U.S. citizens with an undetermined deportation status to facilities designated as IHP sites **whenever possible** depending on other factors such as security needs, available bed space, and population management concerns."  (Doc. 1, 8.)  Warden Benov's response to Petitioner's request for enforcement of the statute expressly stated that as a low-security prisoner who is a citizen of Vietnam, Petitioner had been designated to a facility commensurate with his security and programming needs, and his case was being monitored through the IHP Case Management Activity assignment.  (Id. at 9.) Further, the warden stated the following:

> Due to the lack of bed space availability at IHP
> hearing sites, the DSCC is no longer processing transfers
> for the purpose of IHP hearings.  Program Statement 5100.08
> does not require the Warden or the Bureau of Prisons
> to refer you for a transfer.  Furthermore, per Program
> Statement 5111.04, ICE will process inmates who were not
> redesignated to a hearing site at sentence expiration.

(Id.)

Petitioner argues that this demonstrates the BOP has no intention of even attempting to complete the administrative deportation process before his release from the present federal sentence.  He contends that even though the warden has discretion over the transfers, the program adopted by the BOP at TCI makes it impossible to complete administrative appeals before his release date.  Thus, the program at TCI is contrary to the statute, and it has not been shown to be necessary.  (Id. at 4-6.)

8

Congress has mandated that the BOP, under the direction of the Attorney General, shall have charge of the management and the regulation of all federal penal and correctional institutions.  18 U.S.C. § 4042(a)(1).  Further, Congress has delegated to the BOP the authority to designate the institution of confinement.  Title 18 U.S.C. § 3621(b) provides in pertinent part as follows:

(b) The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—

1) the resources of the facility contemplated;

2) the nature and circumstances of the offense;

3) the history and characteristics of the prisoner;

4) any statement by the court that imposed sentence-

A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

B) recommending a type of penal or correctional facility as appropriate; and

5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status.  The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621(b).

In <u>Reeb v.Thomas</u>, 636 F.3d 1224 (9th Cir. 2010), a federal prisoner brought a Section 2241 claim contending that the BOP had abused its discretion in expelling him from a residential drug abuse program (RDAP). The petitioner sought re-admission into the RDAP and a twelve-month reduction in sentence upon successful completion of the program. The court held that 18 U.S.C. § 3625 precludes judicial review of discretionary, individualized RDAP determinations made by the BOP pursuant to 18 U.S.C. § 3621, which gave BOP the discretion to determinate RDAP eligibility and entitlement to sentence reductions for program participation. The court noted that 5 U.S.C. § 702, a portion of the Administrative Procedure Act (APA), provided a cause of action for persons suffering legal wrong or adverse effect from agency action. The court stated that agency actions can be unlawful if "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The court cited to the portion of the APA that withdrew the cause of action to the extent that the pertinent statute "preclude[s] judicial review" or the "agency action is committed to agency discretion by law." <u>Reeb v. Thomas</u>, 636 F.3d at 1226 (discussing 5 U.S.C. § 701(a)). The court further relied on 18 U.S.C. § 3625, which stated in pertinent part that the provisions of 5 U.S.C. §§ 701 through 706 "do not apply to the making of any determination, decision, or order under this subchapter." <u>Reeb</u>, 636 F.3d at 1226 (quoting 18 U.S.C. § 3625). The court interpreted the statute as follows:

> There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701-706, do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621-3624. The BOP has

authority to manage inmate drug treatment programs, including RDAP, by virtue of 18 U.S.C. § 3621. To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court. The BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review.

Id. at 1227. The court emphasized that the RDAP decisions challenged in that case were matters properly left to the BOP's discretion. Id. Further, the court noted that although the decisions could not be reviewed for abuse of discretion, judicial review remained available for allegations that BOP action was contrary to established federal law, violated the United States Constitution, or exceeded statutory authority. Id. at 1228.

This case is analogous with Reeb. Pursuant to 18 U.S.C. § 3621(b), the designation of an institution of confinement is a matter within the discretion of the BOP. Further, the terms of § 1228(a) that appear to impose a specific duty on the Attorney General are expressly qualified in a manner that unambiguously forecloses jurisdiction to review the BOP's discretionary decisions regarding particular inmates' placement.

Accordingly, the Court concludes that it lacks subject matter jurisdiction over Petitioner's claim concerning the BOP's discretionary decision concerning Petitioner's placement.

///

C.   Mandamus

Petitioner argues he is entitled to a writ of mandamus because the warden's duty is ministerial and clear, and no other remedy is available to address his entitlement to expedited removal proceedings.

The district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Mandamus is available to compel an officer of the United States to perform a duty if 1) the plaintiff's claim is clear and certain, 2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt, and 3) no other adequate remedy is available.  Johnson v. Reilly, 349 F.3d 1149, 1154 (9th Cir. 2003).  However, the jurisdiction of this Court is limited to cases and controversies.  U. S. Const. art. III, § 1.  For this Court to have subject matter jurisdiction, a petitioner must have standing to sue at the time the action is filed.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 569 n.4 (1992).

Petitioner, an incarcerated alien, lacks standing to seek mandamus to enforce a statutory provision such as §§ 1228 and 1229 because all private actions, including mandamus, are abolished by the statutory language prohibiting construction of the statute to create any substantive or procedural right or benefit that is

12

legally enforceable by any party against the United States or its agencies, officers, or any other person.  See, Campos v. I.N.S., 62 F.3d at 314.  Accordingly, the Court lacks subject matter jurisdiction to proceed to consider Petitioner's claim in mandamus. Because the defect in Petitioner's standing stems from the statutes limiting enforcement of the right in question, Petitioner could not state a tenable mandamus claim even if leave to amend were granted.

Based on the foregoing, Petitioner's mandamus claim should be dismissed without leave to amend.

III.  Excess of Statutory Authority

Petitioner argues he has a statutory right to placement in a hearing site.  Petitioner relies on 8 U.S.C. § 1228(a)(3)(A), which provides for the expedited removal of aliens convicted of committing aggravated felonies and states the following:

> Notwithstanding any other provision of law, the
> Attorney General shall provide for the initiation
> and, to the extent possible, the completion of removal
> proceedings, and any administrative appeals thereof,
> in the case of any alien convicted of an aggravated
> felony before the alien's release from incarceration
> for the underlying aggravated felony.

8 U.S.C. § 1228(a)(3)(A).

Although this Court lacks subject matter jurisdiction to review individualized, discretionary determinations made by the BOP pursuant to 18 U.S.C. § 3621, judicial review is available for allegations that BOP action is contrary to established federal law, violates the Constitution, or exceeds statutory authority.  Reeb v.

13

_Thomas_, 636 F.3d at 1228.  This Court retains jurisdiction to determine whether non-individualized BOP action is contrary to its statutory authority.  _Close v. Thomas_, 653 F.3d 970, 973-74 (9th Cir. 2011), _cert._ _den._, 132 S.Ct. 1606 (2012).

In _Close v. Thomas_, 653 F.3d 970, the court was presented with the issue of whether or not the BOP's interpretation of a statute that provided for prioritizing inmates' eligibility for entering into a residential drug abuse treatment program was contrary to its statutory authority.  In analyzing this issue, the court stated as follows:

> When we "review[ ] an agency's construction of the statute which it administers, [we are] confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter...." _Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc._, 467 U.S. 837, 842, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). If we determine that "the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." _Id._ at 843, 104 S.Ct. 2778.
>
> To determine Congress's intent, "[a]s always," the "starting point is the plain language of the statute." _Greenwood v. CompuCredit Corp._, 615 F.3d 1204, 1207 (9th Cir.2010) cert. granted, --- U.S. ----, 131 S.Ct. 2874, 179 L.Ed.2d 1187 (2011). We have explained that "[i]f the plain meaning of the statute is unambiguous, that meaning is controlling." _Id._

_Close v. Thomas_, 653 F.3d at 974.

Here, the terms of § 1228(a)(3)(A) do not expressly confer a right of judicial review or limit the discretion of the BOP or the Attorney General to designate institutions of confinement.  Indeed,

14

§ 1228(a)(3)(A) expressly qualifies the direction to complete

removal proceedings by providing that the Attorney General is to do

so only "to the extent possible." Further, § 1228(a)(3)(B), which

also concerns expedited proceedings provides as follows:

> Nothing in this section shall be construed as requiring
> the Attorney General to effect the removal of any alien
> sentenced to actual incarceration, before release from the
> penitentiary or correctional institution where such alien
> is confined.

8 U.S.C. § 1228(a)(3)(B). Thus, the construction of the statute

Petitioner favors, namely, that removal before release from prison

is mandatory, is precluded by other express terms of the statute.

Further review of the immediate statutory context reflects that

Section 1228(a)(3)(A) is preceded by related provisions which

contain significant limitations. Section 1228(a)(1) through (3)

provide as follows:

> (a) Removal of criminal aliens
>
> (1) In general
>
> The Attorney General shall provide for the
> availability of special removal proceedings at
> certain Federal, State, and local correctional
> facilities for aliens convicted of any criminal
> offense covered in section 1227(a)(2)(A)(iii), (B),
> (C), or (D) of this title, or any offense covered by
> section 1227(a)(2)(A)(ii) of this title for which
> both predicate offenses are, without regard to the
> date of their commission, otherwise covered by
> section 1227(a)(2)(A)(i) of this title. Such
> proceedings shall be conducted in conformity with
> section 1229a of this title (except as otherwise
> provided in this section), and in a manner which
> eliminates the need for additional detention at any
> processing center of the Service and in a manner

15

which assures expeditious removal following the end
of the alien's incarceration for the underlying
sentence. <u>Nothing in this section shall be construed
to create any substantive or procedural right or
benefit that is legally enforceable by any party
against the United States or its agencies or officers
or any other person.</u>

(2) Implementation

With respect to an alien convicted of an aggravated
felony who is taken into custody by the Attorney
General pursuant to section 1226(c) of this title,
the <u>Attorney General shall, to the maximum extent
practicable</u>, detain any such felon at a facility at
which other such aliens are detained. In the
selection of such facility, the Attorney General
shall make reasonable efforts to ensure that the
alien's access to counsel and right to counsel under
section 1362 of this title are not impaired.

(3) Expedited proceedings

(A) Notwithstanding any other provision of law, the
Attorney General shall provide for the initiation and,
to the extent possible, the completion of removal
proceedings, and any administrative appeals thereof,
in the case of any alien convicted of an aggravated
felony before the alien's release from incarceration
for the underlying aggravated felony.

(B) <u>Nothing in this section shall be construed as
requiring the Attorney General to effect the removal
of any alien sentenced to actual incarceration,
before release from the penitentiary or correctional
institution where such alien is confined.</u>

8 U.S.C. § 1228(a)(1)-(3) (emphasis added).  Thus, although 8 U.S.C.

§ 1228(a)(1) imposes a duty on the Attorney General to make special

removal proceedings available for some criminal aliens, it cannot be

construed to create a right or benefit that is legally enforceable

against the United States, its agencies, or its officers.  Section

16

1228(a)(2) further qualifies the duty of placement with other, similar aliens, by limiting its extent to the Attorney General's assessment of maximum practicality.

Petitioner's interpretation of the statute is also inconsistent with pertinent procedural provisions.  Section 1228(a)(1) expressly provides that the Attorney General "shall provide for the availability of special removal proceedings" at certain correctional facilities for aliens committing specified criminal offenses, and that except as otherwise provided in that section, the proceedings "shall be conducted in conformity with section 1229a of this title," and in a manner "which eliminates the need for additional detention at any processing center" and "assures expeditious removal following the end of the alien's incarceration" for the underlying federal sentence.  8 U.S.C. § 1228(a)(1).

Title 8 U.S.C. § 1229 addresses the same subject of removal proceedings concerning aliens convicted of criminal offenses.  It provides for initiation of removal proceedings by the Attorney General as follows:

> (d) Prompt initiation of removal
> 1) In the case of an alien who is convicted of an offense which makes the alien deportable, the Attorney General <u>shall begin any removal proceeding as expeditiously as possible after the date of the conviction</u>.
>
> 2) <u>Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.</u>

8 U.S.C. § 1229(d)  (emphasis added).

17

Although § 1228 uses mandatory language concerning the Attorney General's initiation of removal proceedings before the alien has completed his sentence, the command as to completion of removal proceedings is expressly qualified with the modifying phrase "to the extent possible."  Likewise, in § 1229, the mandate to the Attorney General to initiate removal proceedings is to do so "as expeditiously as possible after the date of conviction."  It is, therefore, clear from the plain language of the relevant statutes that Congress intended expedition, but only to the extent possible.

It is equally clear from §§ 1228(a)(1) and 1229(d)(2) that Congress did not intend the direction to begin removal proceedings as expeditiously as possible to create any substantive or procedural right or benefit that any party, including an inmate, could legally enforce against the Attorney General or any agency or officer of the United States.  The predecessor to § 1229(d) -- 8 U.S.C. § 1252(i) -- which mandated that the Attorney General begin any deportation proceeding as expeditiously as possible after the date of conviction, did not create an enforceable duty on the part of the Attorney General to an inmate in light of Congress's additional direction that nothing in 8 U.S.C. § 1252(i) should be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.  Campos v. Immigration and Naturalization Service, 62 F.3d at 313-14 (an inmate seeking

18

initiation of expedited removal proceedings by the Attorney General had no standing to seek mandamus relief). The court in <u>Campos</u> noted that the requirement of expedited removal proceedings was enacted for the benefit of taxpayers rather than incarcerated aliens to reduce prison overcrowding caused by immigration service delays; the sole purposes of the enactment were economic. <u>Campos</u>, 62 F.3d at 314. Thus, a system that designates inmates based on bed space and length of sentence remaining is consistent with Congressional intent.

In sum, although this Court has jurisdiction to determine whether the BOP's program statement and program with respect to placement of criminal aliens exceeds statutory authority or is otherwise contrary to established federal law, Petitioner has not alleged facts that point to a real possibility of any excess of authority. Because the express terms of the statute are determinative, Petitioner could not state a tenable claim of excess of statutory authority even if leave to amend were granted.

Therefore, it will be recommended that Petitioner's claim of excess of statutory authority be dismissed without leave to amend.

IV. <u>Remaining Claims concerning Excess of Statutory Authority</u>

Petitioner's final claims concern the absence of authority to make and enforce placement decisions by the warden and other employees of the privately managed corporation that Petitioner alleges runs the prison in which he is confined, and Petitioner's related due process claim. It is unclear whether the Court has subject matter jurisdiction over these claims, and briefing and

documentation concerning the pertinent statutes, regulations, and contracts would be required for the Court to address the merits of the claims.

Accordingly, it will be recommended that after dismissal of the other claims pursuant to the foregoing analysis, the matter be referred back to the Magistrate Judge for further proceedings on Petitioner's remaining claims concerning the authority of staff of privately managed prisons to enforce federal immigration and placement law and whether such private enforcement has violated Petitioner's right to due process of law.

V.   Recommendations

In accordance with the foregoing analysis, it is RECOMMENDED that:

1) Petitioner's first through third claims, which involve the duration of any future confinement he serves in the custody of the ICE, the discretionary placement decision of the BOP, and enforcement of a placement duty by mandamus, be DISMISSED for lack of subject matter jurisdiction;

2) Petitioner's fourth claim, which concerns conduct alleged to be in excess of the statutory authority conferred by 8 U.S.C. § 1228, be DISMISSED without leave to amend for failure to state facts entitling the Petitioner to relief in a proceeding pursuant to § 2241; and

3) The matter be referred back to the Magistrate Judge for further proceedings on Petitioner's remaining claims.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

20

Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 13, 2013**              **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE